UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRENIDY EGAR LEE,

    Plaintiff,

v.                                                 Case No. 5:21-cv-51-RV-MJF

JUDGE REGISTER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Trenidy Egar Lee, a prisoner proceeding *pro se* and *in forma pauperis,* has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).[1] The undersigned recommends that Lee's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim upon which relief can be granted.[2]

                 **I.**        **LEE'S COMPLAINT**

---

[1] Lee's Holmes County Jail Inmate Number is 595436663. (Doc. 1 at 1; *see also* Doc. 5 (trust fund account statement)). Lee's Florida Department of Corrections DC Number is Q26737. (Doc. 1 at 1-2).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

At the time Lee initiated this lawsuit, he was a pre-trial detainee confined at the Holmes County Jail charged with Driving While License Suspended. (Doc. 1 at 5). Lee's complaint names three Defendants: Judge Register, a Holmes County Circuit Court Judge; Judge Taylor, a Holmes County Court Judge; and Brandon Young, the Assistant State Attorney prosecuting Lee's criminal case. (*Id*. at 2). Lee alleges that he pleaded guilty to the DWLS charge but has not been sentenced. (*Id*. at 5). Lee believes the charge is barred by the statute of limitations and the Double Jeopardy Clause. (*Id*.). Lee seeks to hold the Defendants liable for "Harassment and double Je[o]pardy." (*Id*. at 7) As relief, Lee seeks the following:

> I want these two individuals punished to the full extent of the Law and my case to be moved and or rereviewed by another Judge and or Court.

(*Id*.).

## II.   SCREENING UNDER 28 U.S.C. §§ 1915 AND 1915A

Because Lee is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis*

proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326

F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. LEE'S COMPLAINT FAILS TO STATE A PLAUSIBLE § 1983 CLAIM

#### A. Lee Fails to State a Claim Against Judges Register and Taylor

Lee is suing Judges Register and Taylor under § 1983—and seeks to have them "punished to the full extent of the law"—for actions they performed in their judicial functions as the county and circuit court judge in Lee's criminal proceeding. These claims are be barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Murphy v. Stacy*, 809 F. App'x 677 (11th Cir. 2020) (dismissing § 1983 claims against Florida circuit court judge who presided over portion of state foreclosure proceeding against plaintiff, based on judicial immunity).

Furthermore, to the extent Lee seeks injunctive relief in the form of "mov[ing]" or reassigning his criminal case to a different judge, dismissal of his claims is warranted based on *Younger* abstention principles. S*ee Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger, supra*, and *Samuels v. Mackell*, 401 U.S. 66 (1971), federal courts should abstain from granting injunctive or declaratory relief

affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Subsequent decisions have refined *Younger* to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

Resolving Lee's claims to enjoin or reassign his state criminal proceeding would significantly interfere with the pending criminal prosecution. None of the exceptions to the *Younger* doctrine apply. Lee's conclusory labeling of his claim as involving "harassment" does not establish, or support an inference, that the DWLS prosecution is motivated by bad faith. *See Trainor*, 431 U.S. at 447; *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a

valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Lee further fails to show that the "irreparable injury" exception applies. Irreparable injury does not include "injury" which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Lee makes no such showing here. Additionally, Lee has an adequate state forum in which to raise his claims. He may raise them in his state criminal proceeding. Lee's claims against Judge Register and Judge Taylor should be dismissed.

B.   **Lee Fails To State A Claim Against Young**

Lee also is suing Assistant State Attorney Young under § 1983 for prosecuting the DWLS charge. Lee's claim against Young is barred by prosecutorial immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d

1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution, and appearances before the court and other in-court activity, are classic examples of actions taken by a prosecutor in performing his role as a government advocate. *Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." (quotations omitted)). Because Young's prosecution of Lee was performed within the scope of his role as a government advocate, Young is entitled to absolute immunity from a claim for damages. *Rivera*, 359 F.3d at 1353.

Further, although prosecutors do not enjoy absolute immunity from suits for injunctive relief, *see Bolin*, 225 F.3d at 1242, Lee's claim for injunctive relief—whether construed as a claim against the judicial Defendants or against Young—is subject to dismissal under *Younger* abstention principles. Lee's claim against Young, therefore, should be dismissed.

### IV. DISMISSAL OF THIS ACTION IS WARRANTED

Lee's complaint fails to state a facially plausible claim for relief under § 1983 against the Defendants. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Lee's § 1983 claims cannot be cured by amendment, this action should be dismissed without affording him an opportunity for a futile amendment of his complaint.

### V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. The clerk of court be directed to close this case file.

At Pensacola, this 30th day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**